United States District Court
Southern District of Texas

**ENTERED**

April 10, 2026

Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| IGNACIO OLVERA GONZALEZ, | § § | CIVIL ACTION NUMBER 4:26-cv-02796 |
| Petitioner, | § | |
| | § | |
| | § | |
| versus | § | JUDGE CHARLES ESKRIDGE |
| | § | |
| | § | |
| TODD BLANCHE, *et al*, | § | |
| Respondents. | § | |

**ORDER**

Petitioner Ignacio Olvera Gonzalez filed a petition for writ of *habeas corpus* under 28 USC §2241 on April 8, 2026. Dkt 1. He acknowledges illegal entry into the United States at a prior date but nonetheless asserts that his present detention violates the Due Process Clause of the Fifth Amendment and separation of power principles. Id at ¶¶39–60.

The Fifth Circuit has now issued a controlling decision with respect to the lawfulness of detention in this context under 8 USC §1225(b)(2)(A). See *Buenrostro-Mendez v Bondi*, 166 F4th 494 (5th Cir 2026). In sum, it holds that anyone present in the United States without legal admission is both an "applicant for admission" and deemed to be "seeking admission," and that all such persons are thus subject to mandatory detention under §1225(b)(2)(A). See id at 502–08; see also *Herrera Avila v Bondi*, 2026 WL 819258 (8th Cir) (holding to same effect).

Since that ruling, the undersigned has also determined that (i) procedural due process doesn't require an individualized custody determination beyond the mandate of 8 USC §1225(b)(2)(A), and (ii) pre-removal-order detention without a bond hearing pending removal

proceedings didn't violate substantive due process, where not exceeding the presumptively reasonable six-month period enunciated in *Zadvydas v Davis*, 533 US 678, 701 (2001), as to post-removal-order detention. See *Penafiel Clavijo v Thompson*, 2026 WL 923310 (SD Tex).

Such rulings may foreclose all issues in the present petition. That said, Petitioner is entitled to a show-cause order pursuant to 28 USC §2243.

Respondents are ORDERED to show cause with a filing that establishes the propriety of Petitioner's continued detention. Such filing must be made by April 17, 2026, absent extension.

Petitioner may file any reply by April 22, 2026.

Hearing will be set if determined necessary after briefing closes.

It is ORDERED that the Clerk will email this order to USATXS.CivilNotice@usdoj.gov to provide notice of this action to Respondents.

SO ORDERED.

Signed on April 10, 2026, at Houston, Texas.

_____
Honorable Charles Eskridge
United States District Judge